UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 18-7260-CJC (KS)                                              Date: October 9, 2018

Title   *Marcos Munoz v. Warden*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On August 17, 2018, Marcos Munoz ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition").  (Dkt. No. 1.)  The Petition presents a single ground for federal habeas relief concerning Petitioner's receipt of mental health services.

In an August 21, 2018 Order, the Court observed that it was unclear from the Petition whether the Court had jurisdiction to consider Petitioner's claim on federal habeas review[1] and, if so, whether Petitioner had exhausted his claim in the state courts so that habeas relief could be granted.  (*See* Dkt. No. 4.)  Accordingly, the Court ordered Petitioner to file, no later than September 20, 2018, one of the following:  (1) a response stating that Petitioner intends to attack the constitutionality of his conviction or sentence and establishing that the exhaustion process is complete; (2) a response stating that Petitioner intends to attack the constitutionality of his conviction or sentence and requesting a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005); or (3) a signed document entitled Notice of Voluntary of Dismissal.  (*Id.*)

More than two weeks have now passed and Petitioner has neither filed a Response to the Court's August 21, 2018 Order nor a Notice of Voluntary Dismissal.  Accordingly, the action is now subject to dismissal for failure to prosecute and comply with court orders.  Nevertheless, in the interests of justice, Petitioner is granted one final opportunity to establish that the Court has

---

[1]     A habeas corpus petition under 28 U.S.C. § 2254 is the proper vehicle for a state prisoner's challenge to a state court conviction or matters affecting the length of state prison confinement.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1993).  By contrast, challenges to a prisoner's conditions of confinement must be brought through a civil rights action – not a habeas corpus petition.  *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991).

jurisdiction to hear this action and to either establish that the state court exhaustion process is complete or request a stay.  Accordingly, **Petitioner is HEREBY ORDERED to show cause no later than October 30, 2018 why this action should not be dismissed.**  To discharge this Order, Petitioner must file, no later than the October 30, 2018 deadline, a signed Response to this Order that either:

(1) (a) Explains how Petitioner's claim for relief attacks the constitutionality of his conviction or sentence and (b) establishes that Petitioner presented his claim for habeas relief to the California Supreme Court and the California Supreme Court adjudicated the claim;

(2) (a) Explains how Petitioner's claim for relief attacks the constitutionality of his conviction or sentence and (b) requests a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005);[2] or

(3) Seeks the voluntary dismissal of this action without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure.

**Petitioner's failure to timely comply with this Order will result in a recommendation of dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure and Local Rule 41-1.**

   **IT IS SO ORDERED**.

                                                                                    :
                                                      **Initials of Preparer**   gr

---

[2]    A request for a *Rhines* stay must establish all three of the following:  (i) "good cause" for Petitioner's failure to exhaust his claims for relief; (ii) the unexhausted claims are "potentially meritorious;" and (iii) Petitioner has not engaged in "intentionally dilatory litigation tactics."