# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARCOS MUNOZ,** ) <br>         **Petitioner,** ) <br>         ) <br>    v.         ) <br>         ) <br> **WARDEN,** ) <br>         ) <br>         **Respondent.** ) <br> _____) | **NO. CV 18-7260-CJC (KS)** <br><br> **ORDER: DISMISSING PETITION WITHOUT PREJUDICE** |

## INTRODUCTION

On August 17, 2018, Marcos Munoz ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.) Petitioner states that he is serving a prison sentence of 80 years to life for murder. (Petition at 2); *see also People v. Munoz*, No. B275732, 2018 Cal. App. Unpub. LEXIS 2394, at \*9 (Apr. 10, 2018). Petitioner states that he appealed his conviction on hearsay grounds but did not seek collateral relief in the state courts. (Petition at 2-3.)

The Petition presents a single ground for federal habeas relief concerning Petitioner's receipt of mental health services. Specifically, Petitioner states: "Los Angeles County Jail denied me mental health services for the purpose of trial. I been on patient of the state since 2008." (Petition at 5) (errors in original).

In an August 21, 2018 Order, the Court observed that it was unclear from the Petition whether the Court had jurisdiction to consider Petitioner's claim on federal habeas review, and, if so, whether Petitioner had exhausted his claim in the state courts so that habeas relief could be granted. (*See* Dkt. No. 4.) Accordingly, the Court ordered Petitioner to file, no later than September 20, 2018, a response clarifying the nature of his claim and either seeking a stay or establishing that he had exhausted his claim in state court. (*Id.*) On October 9, 2018, after Petitioner missed the September 20, 2018 deadline for filing a response, the Court again ordered Petitioner to show cause why the action should not be dismissed and ordered Petitioner to explain in any response *how* his claim for relief attacks the constitutionality of his conviction or sentence. (Dkt. No. 8.) On October 24, 2018, Petitioner filed his response to the Order to Show Cause, in which he states:

> The Assistant District Attorney accused me of malingering – a jury believed it! So now I am accusing the assistant district attorney of conspiring with Los Angeles County Jail mental health serci servicises servicise services [sic] to deny me treatment thus accuse me of malingering – I have been a patient of the state since August two thousand eight, the exhaustion process is complete – I am attacking the constitutionality of my conviction.

(Dkt. No. 9) (errors in original).

\\
\\
\\

# APPLICABLE LEGAL STANDARDS

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). However, a district court's use of this summary dismissal power is not without limits. *Id.* at 1128. To the contrary, a habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal. *Id.*

Rule 8 of the Federal Rules of Civil Procedure requires a complaint in an ordinary civil case to provide fair "notice of the claim such that the opposing party may defend himself or herself effectively." *Starr v. Baca*, 652 F.3d 1202, 1212 (9th Cir. 2011). Habeas Rule 2(c) imposes a "more demanding" pleading standard. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Specifically, Habeas Rule 2 requires, *inter alia*, that the Petition specify the grounds for relief available to the Petitioner, state the facts supporting each ground, state the relief requested, be legible, and be signed under penalty of perjury by Petitioner. The Advisory Committee's Notes state that "it is the relationship of the facts to the claim asserted that is important" under Rule 2, and the Petition must "state facts that point to a real possibility of constitutional error." Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2; Advisory Committee's Note on Habeas Corpus Rule 4.

Although the court must construe *pro se* pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the court may not supply essential elements of a claim that were not initially pled. *Byrd v. Maricopa County Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011); *see e.g.*, *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir.

1982). Further, allegations that are vague, conclusory, "palpably incredible," "patently frivolous or false," or unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

Finally, as the Court previously instructed Petitioner, a habeas corpus petition under 28 U.S.C. § 2254 is the proper vehicle for a state prisoner's challenge to a state court conviction or matters affecting the length of state prison confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1993); (*see also* Dkt. No. 8 at n.1). Thus, only those claims that necessarily spell immediate or speedier release for the prisoner or necessarily imply the unlawfulness of a not previously invalidated conviction or sentence are cognizable on federal habeas review. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). In contrast, a prisoner's claims related solely to the constitutionality of his treatment while in custody must be brought through a civil rights action – not a habeas corpus petition. *See Preiser*, 411 U.S. at 498-99; *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991).

## DISCUSSION

In light of the foregoing, the Court directed Petitioner to file a Response to the Court's Order to Show Cause that "[e]xplains how Petitioner's claim for relief attacks the constitutionality of his conviction or sentence" and either "establishes that Petitioner presented his claim for habeas relief to the California Supreme Court" or "requests a stay." (Dkt. No. 8.) The Court warned Petitioner that his failure to timely comply would result in a recommendation of dismissal. (*Id.*) Nevertheless, Petitioner's Response (Dkt. No. 9) does not explain how his denial of mental health services at an unspecified time at the Los Angeles County Jail undermines the constitutionality of his 2016 murder conviction. Even construed liberally, Petitioner's allegations are too vague to point to "a real possibility of constitutional error." *See* Advisory Committee's Note on Habeas Corpus Rule 4; *see also Hendricks*, 908

4

F.2d at 491. Further, to the extent that Petitioner suggests that the Los Angeles County Jail may have exhibited deliberate indifference to his serious mental health needs and that an Assistant District Attorney may have conspired to prevent Petitioner from receiving the mental health care while in jail, such claims, if timely, could properly be brought in a civil rights complaint but are not cognizable on federal habeas review.

In sum, the Petition before the Court, even as supplemented by Petitioner's Response to the Court's Order to Show Cause, does not give "fair notice" of the factual and legal elements of Petitioner's claims for habeas relief. *Cf. Hunt v. Kernan*, No. CV98-5280WDK(AN), 2006 WL 5819789, at *4 (C.D. Cal. Mar. 31, 2006), report and recommendation adopted as modified, No. CV98-5280AHS(AN), 2008 WL 2446064 (C.D. Cal. June 17, 2008) ("Although the [Habeas] Rules adopt a flexible pleading policy, particularly for *pro se* litigants, a pleading must still give fair notice by stating the factual and legal elements of each claim."). Further, the Court previously notified Petitioner that he needed to explain the relationship between the denial of his mental health services and the constitutionality of his conviction and warned him that his failure to do so could result in the dismissal of this action. Petitioner failed to comply with the Court's orders. Where, as here, the Petitioner received notice of a pleading defect and its consequences and received an opportunity to correct the defect but was unable to do so, dismissal is appropriate. *See*, *e.g.*, *e Simmons v. Kernan*, No. 2:17-CV-2276-EFB P, 2018 WL 4852156, at *2 (E.D. Cal. Oct. 5, 2018) (dismissing habeas petition that does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and Rule 2 of the Habeas Rules); *Romain v. Fakoury*, No. CV 11-07989 DDP AN, 2012 WL 3070997, at *7 (C.D. Cal. Mar. 13, 2012), report and recommendation adopted, No. CV 11-07989 DDP AN, 2012 WL 3073192 (C.D. Cal. July 30, 2012) (dismissing habeas petition where the petitioner was unable to amend it to state a claim despite receiving opportunities to do so). Accordingly, dismissal pursuant to Habeas Rule 4 is warranted.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Petition is DISMISSED without prejudice. Petitioner may determine whether he wishes to raise the claims related to his receipt of mental health services in a properly-submitted civil rights complaint.

IT IS SO ORDERED.

DATED: November 8, 2018

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Karen L. Stevenson
United States Magistrate Judge